James J. **TROTTER**

v.

**CONE AUTOMATIC MACHINE COMPANY, Inc.**

**Civ. A. No. 69–81.**

United States District Court
E. D. Pennsylvania.
Oct. 20, 1969.

Hershel J. Richman, Klovsky, Kuby & Harris, Philadelphia, Pa., for plaintiff.

Albert C. Gekoski, Gekoski & Bogdanoff, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

WOOD, District Judge.

This is a motion under Rule 15(c) to amend the complaint to substitute Cone Automatic Machine Company, a Delaware corporation, for the present named defendant, Cone Automatic Machine Company, Inc., a Vermont corporation. Suit was commenced on January 13, 1969, on behalf of the individual plaintiff who allegedly sustained injuries on March 17, 1967, while operating a machine manufactured by the proposed defendants. The applicable Statute of Limitations of two years ran on March 17, 1969.

After hearing argument and reviewing the entire record we are persuaded that as required by Rule 15(c):

"* * * within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The proper defendants must have been aware of the institution of suit as well as the fact that it should have been brought against them: They were related in business affairs to the captioned defendants. They participated in the responsive pleadings.[1] The responsive pleadings contained information and specifications relating to the machine on which the plaintiff was allegedly injured which could not have been obtained unless the proper defendants had been contacted and questioned. Although counsel for the defendant formally entered an appearance for the captioned defendant, he represented the interest and advanced the contentions of the proper defendants on a motion to dismiss for inadequate service as well as on the instant motion. At argument it appeared that he in fact represented the proper as well as the captioned defendant. We conclude that after service of the complaint both the proper and the captioned defendant must have been aware that suit had been instituted and that the proper defendant had not been named, but determined to allow the plaintiff to rest in ignorance.

While it is true that counsel for the defendant may have been somewhat lacking in diligence in taking several months to discover the true state of affairs and make this motion, this was to a substantial extent due to the confusion in corporate names fostered by the defendants. In any event, we can see no prejudice to the proper defendants.

## ORDER

And now, this 20th day of October, 1969, it is ordered that the plaintiff's complaint shall be amended to name as defendant the Cone Automatic Machine Company, and that the amendment shall relate back to the date of the filing of the complaint as provided in Rule 15(c).

1. See, for example, the Affidavit of Harold J. Coughlin appended to the Motion to Dismiss filed April 29, 1969. (Document 6)