Frank B. SWARTZWELDER, Jr., Plaintiff,

v.

Earl HAMILTON, Defendant.

Frank B. SWARTZWELDER, Jr., Plaintiff,

v.

Ruth E. BRAUN and Duane D. Braun, Defendants.

Civ. Nos. 71–52, 72–67.

United States District Court,
M. D. Pennsylvania.

Oct. 19, 1972.

Jack E. Feinberg, Feinberg, Deutsch & McErlean, Philadelphia, Pa., for plaintiff.

Lee C. Swartz, Walter W. Wilt, Hepford, Zimmerman & Swartz, Harrisburg, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

HERMAN, District Judge.

These two law suits, considered together in this opinion for the sake of clarity, arose out of an automobile collision which occurred on January 19, 1970 in Huntingdon County, Pennsylvania. Jurisdiction in both suits is based upon diversity of citizenship, 18 U.S.C. §

1332. Procedurally, the two suits have progressed as follows: On February 4, 1971 the plaintiff in both suits, Frank B. Swartzwelder, Jr., filed a complaint against Earl Hamilton (Civil No. 71–52) alleging that Hamilton negligently drove his automobile into the plaintiff on January 19, 1970. On March 30, 1971, the defendant filed an answer in which he alleged that he was not the operator of the vehicle nor liable for the conduct of the operator. Subsequently, on July 20, 1971, in answer to plaintiff's interrogatories, the defendant stated that the only individuals known to him to have any firsthand knowledge of the facts and circumstances surrounding the accident were Duane D. Braun and Ruth E. Braun, then residing at Johns Hopkins University, Baltimore, Maryland. On January 24, 1972, the defendant filed a motion for summary judgment accompanied by the affidavits of Earl Hamilton, Ruth E. Braun, Duane D. Braun and Esther I. Hamilton. These affidavits established that Hamilton's daughter, Ruth E. Braun, was driving the automobile involved in the collision with the plaintiff. Ruth E. Braun avers that she was accompanied by her husband Duane D. Braun in the automobile which was owned by her mother, Esther I. Hamilton.

Thereafter, on February 10, 1972, Swartzwelder instituted suit against Ruth E. and Duane D. Braun (Civil No. 72–67) alleging that one of them was the driver of the vehicle which collided with his car at the same place and time alleged in the Hamilton suit. On June 30, 1972 counsel for the Brauns filed a motion for summary judgment alleging that the suit against them is barred by Pennsylvania's two-year statute of limitations applicable to personal injury actions.

In addition to the two aforementioned motions for summary judgment, there is now before the court Swartzwelder's motion, filed on July 26, 1972, to amend his complaint in the Hamilton suit to add

the names of Ruth E. and Duane D. Braun as defendants. Swartzwelder alleges both in support of his motion to amend in the Hamilton suit and in opposition to the motion for summary judgment filed in the Braun suit, that he was fraudulently deceived by a male individual, presumably Duane Braun, who alighted from the vehicle which struck him on January 10, 1970, identified himself as Earl Hamilton, and wrote the latter's name and address on a sheet of paper for Swartzwelder's further use, thereby misleading him into believing that he had been struck by Earl Hamilton. Swartzwelder further alleges that he was not notified otherwise by Hamilton's counsel until January of 1972 after the statute of limitations had expired. In opposition thereto the Braun's allege that Duane Braun did in fact alight from the passenger's side of the car and correctly identified himself as Duane Braun, but in response to Swartzwelder's inquiry as to ownership of the vehicle, wrote down the name and address of his father-in-law, Earl Hamilton, whom he assumed to be the owner.

■ Although Swartzwelder's motion to amend the complaint against Hamilton requests permission to add the names of Duane and Ruth Braun as defendants, the court interprets the proposed amendment as in fact changing the parties against whom Swartzwelder's claim is asserted. From the pleadings and affidavits before the court, it is clear that Swartzwelder cannot successfully contend that Earl Hamilton is a proper defendant. Therefore, the motion for summary judgment filed on behalf of Hamilton must be granted.

Under the circumstances, the plaintiff can safely attempt to substitute the Brauns for Earl Hamilton since the Brauns in their affidavits have admitted that they were the occupants of the car involved in the accident. Moreover, since we conclude that the suit instituted against Ruth E. and Duane D. Braun by Swartzwelder on February 10, 1972

is barred by the applicable statute of limitations, the survival of plaintiff's cause of action against these defendants is dependent upon the plaintiffs success in seeking to amend his complaint in the Hamilton suit to substitute the Brauns as defendants and to allow that amendment to relate back to the date of filing of the original complaint.

■ Both parties have cited to the court a number of Pennsylvania Supreme Court decisions holding that only when a defendant engages in fraud or concealment will he be estopped from invoking the statute of limitations as a bar to a suit or to an amendment seeking to substitute that defendant as a party brought after the statute of limitations has run. *See,* Walters v. Ditzler, 424 Pa. 445, 227 A.2d 833 (1967); Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963). The law of the forum, however, is not dispositive. The Third Circuit has held that State law does not control the question of whether an amendment substituting a party defendant can be made after the statute of limitations has expired. Rather, our decision must be controlled by current federal practice as it relates to the application of Rule 15 of the Federal Rules of Civil Procedure. Loudenslager v. Teeple (3d Cir., 466 F.2d 249 1972). Rule 15(a) provides that leave to amend pleadings should be freely given when justice so requires. Amendments changing parties against whom a claim is asserted will relate back to the date of the original complaint under Rule 15(c) if the following conditions are met: (1) The claim asserted in the amendment arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; (2) The party to be brought in by amendment has received such notice of the action within the period provided by law for commencing the action against him that he will not be prejudiced in maintaining his defense on the merits; and (3) The party to be brought in knew be-

fore the statute of limitations expired that but for a mistake concerning the identify of the proper party, the action would have been brought against him.

■ The court concludes that the three requirements of Rule 15(c) have been met in the instant case. First, the claim asserted against the Brauns arose out of the same occurrence set forth in the original complaint. Secondly, and most important, neither Duane nor Ruth Braun can seriously contend that they were not informed of the institution of suit against Earl Hamilton well within the period of time provided by the statute of limitations for commencing the action against them. Indeed, Hamilton's counsel could hardly have filed a responsive pleading without discussing the accident with the Brauns, since Mr. Hamilton was not at the scene. Both were interviewed by the insurance company and defense counsel after suit was instituted, at which time they presumably related their recollection of the accident. The Brauns are represented by the same defense counsel as is Earl Hamilton and can take advantage of the discovery initiated by defense counsel in the Hamilton suit. Under the circumstances the court cannot agree that these defendants will be prejudiced in maintaining a defense on the merits at this time.

Although the court cannot conclude from the facts before it that the conduct of Duane Braun at the scene of the accident constituted an attempt to deceive the plaintiff as to the true identity of the parties involved, the court does find that as a result of a misunderstanding as to identity, arising out of occurrences at the scene of the accident, the plaintiff mistakenly sued Earl Hamilton believing him to be the driver of the other vehicle. We further find that Ruth and Duane Braun, when informed of the filing of suit against Hamilton, should have known that but for the plaintiff's mistake as to identity, the suit would have been instituted against them.

Since the amendment of Rule 15(c) in 1966, a number of courts have allowed amendments substituting party defendants after the statute of limitations has expired. In Meredith v. United Air Lines, 41 F.R.D. 34 (S.D.Cal.1966), plaintiff learned of the possible involvement of Lockheed Aircraft in an airplane mishap and sought to amend to add Lockheed as a defendant after the statute of limitations had expired. The court allowed the amendment holding that since Lockheed became aware of the plaintiff's suit through a Civil Aeronautics Board inquiry and had fully investigated the incident, it would not be prejudiced in maintaining a defense, and should have been aware of the strong possibility of mistaken identification on the part of plaintiff's counsel. See also, Trotter v. Cone Automatic Machine Co., Inc., 48 F.R.D. 100 (E.D.Pa.1969). Compare, Craig v. United States, 413 F. 2d 854 (9th Cir. 1969); Patterson v. White, 51 F.R.D. 175 (D.D.C.1970).

■■ While plaintiff's counsel may have been less than diligent in seeking to ascertain the correct party-defendant after Hamilton's responsive pleading and answers to interrogatories should have given plaintiff reason to believe that he may have sued the wrong person, we cannot hold that plaintiff's lack of diligence constitutes that degree of inexcusable neglect which would prevent him from seeking an amendment at this time, as would be the case if the delay was purposeful or the result of bad faith. Compare, Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967). The fact remains that the plaintiff was not notified with certainty as to the true identity of the driver of the vehicle until Hamilton filed his motion for summary judgment after the statute of limitations had expired. Moreover, neither long delay, nor the fact that the amendment is sought as an afterthought of counsel will be sufficient to deny leave to amend unless it can be said that the

opposing party is prejudiced thereby. Green v. Wolf Corp., 50 F.R.D. 220 (S.D.N.Y.1970); Smith v. Guaranty Service Corp., 51 F.R.D. 289 (N.D.Cal.1970); Trotter v. Cone Automatic Machine Co., Inc., *supra*. In this regard, it has been held that if the new party against whom the claim is asserted has received notice of the pendency of the suit before the statute of limitations has expired, the unavailability of the statute of limitations as a defense is not sufficient prejudice to deny the amendment. Adams v. Beland Realty Corp., 187 F.Supp. 680 (E.D.N.Y.1960); Kimbro v. United States Rubber Co., 22 F.R.D. 309 (D.Conn.1958). The defendants in this suit have failed to reveal to the court the presence of any prejudice resulting to them as a result of the plaintiff's delay. Therefore, the court, in the exercise of the discretion granted to it by Rule 15(a) of the Federal Rules of Civil Procedure, will allow the plaintiff to amend his complaint in Civil No. 71–52 to substitute the names of Ruth E. Braun and Duane D. Braun as party-defendants.

An appropriate order will be entered.