**Eddie WILLIAMS, Jr., Plaintiff,**

v.

**AVIS TRANSPORT OF CANADA, LTD., a Canadian corporation, Defendant.**

**AVIS TRANSPORT OF CANADA, LTD., a Canadian corporation, Third-Party Plaintiff,**

v.

**GOODYEAR TIRE AND RUBBER COMPANY, a corporation, and Chrysler Corporation, a corporation, Third-Party Defendants.**

**Civ. No. R-2552.**

United States District Court, D. Nevada.

Nov. 27, 1972.

William J. Everhardt, of Everhardt & Martinez, Metairie, La., James A. Callahan, Winnemucca, Nev., for plaintiff Eddie Williams, Jr.

Leslie A. Leggett, of Leggett & Hamilton, Reno, Nev., for defendant third-party defendant Goodyear Tire & Rubber Co.

Richard P. Wait, Ltd., Reno, Nev., for defendant and third-party defendant Chrysler Corp.

Wait, Shamberger & Georgeson, Reno, Nev., for defendant Avis Transport of Canada, Ltd.

## ORDER

BRUCE R. THOMPSON, District Judge.

On July 29, 1971, plaintiff, Eddie Williams, Jr., commenced an action against Avis Transport of Canada, Ltd. and Does I through X, in the Sixth Judicial District Court of the State of Nevada, in and for the County of Humboldt. The action was removed by defendant to this Court on September 1, 1971, and the named defendant filed an Answer on that date.

There was intervening discovery, and on August 1, 1972, the parties filed a stipulation giving defendant leave to file a Third Party Complaint joining Goodyear Tire and Rubber Company and Chrysler Corporation as third party defendants. The stipulation was approved by the Court. The Third Party Complaint was filed.

On August 16, 1972, a stipulation between the original parties was filed and approved authorizing plaintiff to file an Amended Complaint naming Goodyear and Chrysler as direct defendants. The Amended Complaint was filed and served on the additional defendants on August 21, 1972. The third party defendants appeared in this action by Stipulation filed August 23, 1972 in which they were designated as third party defendants as well as defendants.

On September 26, 1972, Goodyear filed an Answer to the Third Party Complaint and a Cross-Claim against Chrysler. The Answer pleads the two-year statute of limitations applicable to plaintiff's original Complaint. Goodyear also filed a Motion to Dismiss the Amended Com-

plaint based on the statute of limitations and on October 27, 1972, a similar motion was filed on behalf of Chrysler Corporation.

The original Complaint alleged that in June 1970, defendant leased a 1970 Plymouth stationwagon to plaintiff's employer and negligently permitted it to be equipped with defective tires which caused the accident and injuries. The Amended Complaint joins Chrysler, the manufacturer of the automobile, and Goodyear, the manufacturer of the tires, alleging negligence and products liability. The third party pleadings seek indemnity and contribution on the same theories.

The accident occurred July 2, 1970. The original Complaint was filed July 29, 1971. It is not time-barred under Nevada's two-year statute (N.R.S. 11.-190(4)(e)).

The record discloses and it is admitted that on April 12, 1972, within two years of the alleged accident, the attorney for Avis, the original defendant, wrote Goodyear advising of the pendency of the action based on a claimed defect in Goodyear's product and requesting an investigation "for the protection of the interests of Goodyear, as well as the possible protection of the interests of our client." No such notice was given to Chrysler.

■ Rule 15(c) of the Federal Rules of Civil Procedure was amended in 1966 for the express purpose of solving statutes of limitations problems when new parties are added after the limitation period has expired. It should be liberally interpreted to achieve the end sought. There are three requirements, (1) the claim asserted in the amended pleading must have arisen from the conduct, transaction or occurrence set forth in the original pleading; (2) the new defendant must have received notice of the action within the limitations period; and (3) the new defendant should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ With respect to Goodyear, the first two requirements are obviously satisfied in this action. Goodyear insists that the third requirement has not been met. Goodyear suggests that there is no indication in the record that plaintiff made a "mistake" respecting the identity of the proper party. Plaintiff sued Avis, Avis is a proper party defendant and is still a defendant. Ergo, there was no "mistake." This interpretation would restrict the applicability of Rule 15(c) to those cases where there is a substitution of parties defendant. We think it should not be so narrowly construed. A mistake within the meaning of the rule exists whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant. In this case, the original Complaint specifically alleged defective tires as the actionable fact or conduct. If a person who receives a notice of the pendency of the action within the limitations period should know from the information received that he may be liable to the plaintiff by reason of the claim for relief asserted by plaintiff against another, the requirements of Rule 15(c)(2) are fulfilled. The motion to dismiss the Amended Complaint made on behalf of defendant Goodyear should be denied.

With respect to defendant Chrysler, the situation is different. None of the requirements of Rule 15(c) concerning relation back of the amendments has been fulfilled except that the amendment arose out of the transaction initially alleged. Plaintiff argues, nevertheless, that the Amended Complaint is not time-barred as to Chrysler because the action was commenced in the state court and fictitious defendants were named. This practice is specifically authorized by Rule 10(a) of the Nevada Rules of Civil Procedure. Plaintiff relies on this rule and the interpretation of a similar California procedural statute (CCP 474) to

support the proposition that the substitution of the name of a real party for a fictitious defendant relates back to the commencement of the action. See: Austin v. Massachusetts Bonding and Insurance Co., 56 Cal.2d 596, 15 Cal.Rptr. 817, 364 P.2d 681 (1961). Plaintiff suggests that this is part of Nevada's substantive law to be applied in a federal diversity action under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ No federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit, and the policy expressed in the Ninth Circuit decisions is so strongly opposed to the practice that this Court is constrained to reject the contention that the substitution of a real party for a "Doe" defendant under circumstances which do not satisfy the requirements of F.R.C.P. 15(c) relates back to the commencement of the action for purposes of the statute of limitations. It is a procedural matter, not one of substantive law.

In Craig v. United States, 413 F.2d 854 (9th Cir. 1959), an admiralty action, the Court had occasion to discuss the fictitious party practice in the federal courts and said:

> "The only purpose the naming of fictitious defendants could possibly serve is to make it possible to substitute named defendants after the statute of limitations has run. But Rule 15(c), Federal Rules of Civil Procedure, provides the only way in which defendants, not accurately named in a pleading before the limitation period has run, may be accurately named afterwards. That rule, which pertains to the relation back of the pleadings, makes no mention of the pleading of fictitious parties. It is therefore wholly immaterial, insofar as the application of that rule is concerned, whether fictitious defendants were named prior to the running of the statute."

There are numberless other district and appellate court decisions, the most important of which are cited in the Craig opinion. The problem in diversity cases, such as the instant case, is alluded to in footnote 1 and the jurisdictional question presented is discussed in the cases cited. The addition of a new party does not relate back to the commencement of the action to eliminate a limitations barrier unless F.R.C.P. 15(c) is satisfied, as amended in 1966. See: Lewis v. Lewis, 358 F.2d 495 (9th Cir. 1966).

It follows that the motion of Chrysler to dismiss the Amended Complaint must be granted. This does not eliminate Chrysler as a third party defendant. There has been no motion to dismiss the Third Party Complaint and the accrual of the cause of action for indemnity appears to be governed by different principles. Cf. Keleket X-Ray Corporation v. United States, 107 U.S.App.D.C. 138, 275 F.2d 167 (1960); Federal Practice and Procedure, Wright & Miller, Vol. 6, Sec. 1498.