Thomas TALIFERRO and Ms. Sandra
Coker Taliferro

v.

Frank COSTELLO.

Civ. A. No. 77–2479.

United States District Court,
E. D. Pennsylvania.

Feb. 15, 1979.

William W. Spalding, Philadelphia, Pa.,
for plaintiffs.

Paul R. Sacks, Asst. City Sol., Philadelphia, Pa., for defendant.

## 34

### MEMORANDUM

POLLAK, District Judge.

On July 20, 1977, plaintiffs Thomas Taliferro and Sandra Coker Taliferro, husband and wife, commenced this civil rights action against Frank Costello, Deputy Sheriff of the City of Philadelphia. Their complaint, filed *pro se,* charged that on November 13, 1976, Costello trespassed on their property and used illegal force on them in an attempt to serve papers on Thomas Taliferro. The case is now before the Court on plaintiffs' January 9, 1979 motion for leave to amend the complaint and add the City of Philadelphia as a defendant, alleging that "Defendant City knew or should have known that Defendant Costello would act in the unreasonable and unprivileged manner as is alleged hereinbefore and could have or should have exercised reasonable care to control or prevent said conduct by Defendant Costello."[1] The City argues that this motion should be denied on the grounds that (1) it is barred by the statute of limitations, and (2) plaintiffs have failed to state a claim against the City on which relief can be granted.

### I.

■ Since there is no federal statute of limitations with respect to civil rights actions, the limitations period to be applied is that which would apply if the action had been brought in Pennsylvania state court. *Jennings v. Shuman,* 567 F.2d 1213, 1216 (3d Cir. 1977); *Polite v. Diehl,* 507 F.2d 119, 122 (3d Cir. 1974). The state limitations period for trespass to property is six years. *Coxe v. Lehigh Valley Railroad Co.,* 46 Luz.L. Reg. 211 (1957); *Ruby v. Pennsylvania Railroad Co.,* 58 York 45 (1944); 12 P.S. § 31. Hence, plaintiffs' trespass-related claim against the City is not time-barred.

The more difficult issue is the timeliness of the battery claim for which the limitation period is two years. See 12 P.S. § 34. Since plaintiffs' amended complaint, naming the City as a defendant was filed two

years and two months after the November 13, 1976 incident, it is time-barred unless it "relates back" to the date of the original pleading. Federal Rule of Civil Procedure 15(c) governs the relation back of amendments and provides in relevant part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Rule was adopted in 1938 and amended in 1966; the amendment added the second sentence, leaving the first sentence unchanged.

■ At the outset, it is necessary to determine whether Rule 15(c) contemplates relation back where an amendment seeks to add a new party. The case law is divided. Compare *King v. Udall,* 266 F.Supp. 747, 749 (D.D.C.1967) (Rule 15(c) "is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties.") with *Meredith v. United States Air Lines,* 41 F.R.D. 34 (S.D.Cal.1966) (changing includes naming a new party: "the word, 'changing' must be given a sensible and practical construction"). The restrictive view would limit Rule 15(c) to cases in which a defendant has been misnamed or misdescribed. That view, however, ignores the Advisory Committee's note which instructs that the 1966 amendment was designed "to state more

---

1. On March 10, 1978, William W. Spalding, Esq., entered his appearance on behalf of the Taliferros. The instant motion to amend the *pro se* complaint was filed by Mr. Spalding.

clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading." Advisory Committee's Note, 39 F.R.D. 82 (1966).[2] Thus "changing" was thought to "includ[e]" amendments which correct misnomers and misdescriptions, not to be limited to such cases. As Judge Wisdom observed in a 1964 decision, the force of which has not been undermined by the subsequent amendment to the Rule: "The Federal rule on the 'relation back' of amendments to pleadings, as embodied in Federal Rule 15(c), is permissive. As long as the amended complaint refers to the same transcription or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even new defendants and new theories of recovery will be allowed." *Travelers Insurance Company v. Brown,* 338 F.2d 229 (5th Cir. 1964). *Accord:* Note: Federal Rules of Civil Procedure 15(c): Relation Back of Amendments, 57 *Minn.L.Rev.* 83, 106–108 (1972); 6 *Wright and Miller, Federal Practice and Procedure* § 1498 at 511–12; 3 *Moore's Federal Practice* ¶ 15.15[4.–2] at 15–224.[3]

■ What remains to be decided is whether the three requirements of Rule 15(c) have been satisfied in this case: (1) whether the claim against the City arose out of conduct set forth in the original pleading; (2) whether the City has received such notice of the institution of this action

that it will not be prejudiced in maintaining its defense on the merits; and (3) whether the City "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]."

Here, there can be little dispute that the amended complaint arises out of the same transaction as that set forth in the original pleading and that the City had sufficient notice of the institution of the action. Service of the original complaint was made on Deputy Sheriff Costello at his City Hall office, and an answer on his behalf was filed by Paul R. Sacks, Esq., Assistant City Solicitor—the same attorney who has moved to dismiss the amended complaint on the City's behalf. In *Mitchell v. Hendricks,* 68 F.R.D. 564 (E.D.Pa.1975), Judge Davis considered a similar fact pattern and ruled that a prison superintendent, the new defendant, had constructive notice of the filing of an action when the complaint was served on the prison's Records Office and when the Commonwealth attorney who represented the superintendent also represented all of the state officials named in the original complaint. See also *Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn.1973). Moreover, permitting the amendment will not prejudice the City in maintaining its defenses on the merits. There is nothing to suggest that the City has been hindered in its ability to obtain relevant evidence needed to mount its defense. Compare *Craig v. United States,* 413 F.2d 854 (9th Cir. 1969) (prejudice found where defendant airline had not investigated plaintiff's claim before the expiration of the limitations period).

**2.** Professor Benjamin Kaplan, now Justice Kaplan of the Massachusetts Supreme Judicial Court and from 1960 to 1966 reporter to the Advisory Committee on Civil Rules, has bemoaned the decisions limiting Rule 15(c) to misnomer and misdescription cases. Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 *Harv.L.Rev.* 356, 410 (1967). His essay observes that the restrictive reading of amended Rule 15(c) is reminiscent of much-criticized decisions which read the expression, "Parties may be dropped or added," in Rule 21, as wholly inapplicable to cases in which a defendant was replaced with another; that was

thought to be a "substitution" not a "dropp[ing] or add[ing]."

**3.** The Third Circuit has held that replacing a "John Doe" caption with a real name amounts to "changing a party" within the meaning of Rule 15(c). *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3d Cir. 1977); *Britt v. Arvanitis,* 590 F.2d 57 (3d Cir. 1978). Given the frequently expressed hostility to John Doe complaints, these decisions provide strong support for a holding that Rule 15(c) applies when an amendment adds a new defendant. See *Craig v. United States,* 413 F.2d 854 (9th Cir. 1969).

Rule 15(c)'s third requirement—in particular, the phrase "a mistake concerning the identity of the proper party"—is so worded as to suggest that the draftsmen were chiefly concerned with confusion as to the defendant's right name. But "[i]n view of the history of the application of Rule 15(c), the phrase 'a mistake concerning the identify of the proper party' should clearly not be read to limit its usefulness to cases of misnomer." 3 Moore's Federal Practice [4.–2] at 15–231 n.14. Where an amendment seeks to add a new defendant, this aspect of Rule 15(c) seems designed to insure that, prior to the expiration of the limitation period, the new defendant knew (or should have known) that his joinder was a distinct possibility. See *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53 (D.Nev.1972).[4] In the instant case, plaintiffs' failure to sue the City reflected a narrow view of the causes of action set forth in their *pro se* complaint which would probably not have been taken had a lawyer familiar with the legal terrain drawn their first pleading. In a recent decision, Judge Fullam, reviewing an application for counsel fees by a prevailing plaintiff's attorney who had failed to assert a claim against the City of Philadelphia, noted:

> When the action was instituted, *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), compelled the conclusion that the City was not a "person" for § 1983 purposes. Even at that time, however, most lawyers representing plaintiffs in civil rights cases were attempting to avoid the implications of *Monroe v. Pape* by asserting claims arising directly from the Fourteenth Amendment; and the practice of including state law claims against the City under the doctrine of

pendent jurisdiction was well nigh universal.

*Bertha Woodum v. Police Officer John Malloy*, No. 76–2960 (E.D.Pa. November 15, 1978). Thus, the City of Philadelphia could hardly have been surprised when the Taliferros' counsel moved to amend the complaint to add the City as a party-defendant.[5]

Having satisfied all three requirements of Rule 15(c), plaintiffs' amended complaint "relates back" to the time of the original pleading and is not time-barred.

## II.

▮ Defendants also argue that plaintiffs have failed to state a claim against the City on which relief can be granted. In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), 98 S.Ct. 2018 (1978), the Supreme Court ruled that a local government "may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." While the question is not free from doubt, it would seem that plaintiffs' amended complaint, to the extent that it charges that the City, acting through its supervisory officials, *knew* that defendant Costello was prone to unconstitutional actions and took no steps to restrain him, states a cause of action under *Monell*. See *Turpin v. Mailet*, 24 Crim.L.Rptr. 2379, (2d Cir. 1979) modifying 579 F.2d 152; *Leite v. City of Providence*, 24 Crim.L.Rptr. 2334 (D.R.I.1978).

---

**4.** In *Williams*, a personal injury action, plaintiff's original complaint named as a defendant only the rental car company that had rented him his automobile. Within the limitations period, however, plaintiff's counsel wrote the manufacturer of the tires used on the automobile, advising him of the action and of his client's belief that the tires were defective. An amendment to join the manufacturer was held

to relate back to the original pleading and not to be time-barred.

**5.** This is, therefore, not a case like *Storey v. Garrett Corporation*, 43 F.R.D. 301 (D.Cal. 1967), where a Supreme Court decision rendered after the limitations period expired made an additional party amenable to suit who prior to the decision was clearly immune from suit.

## CONCLUSION

Accordingly, plaintiffs' motion to amend the complaint is granted.