Doris M. SWARTZ and Rex M. Swartz, Plaintiffs,

v.

GOLD DUST CASINO, INC., a Nevada corporation, Cavanaugh Properties, a partnership, and Does II through V, Defendants.

No. CIV-R-80-90-ECR.

United States District Court, D. Nevada.

Sept. 21, 1981.

**544**

Lawrence J. Semenza of Belford & Semenza, Reno, Nev., for plaintiffs.

Victor Alan Perry of Cromer, Barker, Michaelson, Gillock & Rawlings, Reno, Nev., for defendant Gold Dust Casino, Inc.

C. James Georgeson, Reno, Nev., for defendant Cavanaugh Properties.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Cavanaugh Properties has moved for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), on the ground of the two-year Nevada statute of limitations applicable to personal injuries caused by negligence. NRS 11.190(4)(e). The motion itself is based upon all the records, papers, pleadings and documents on file, and the points and authorities urged by the plaintiffs in opposition thereto refer to matters outside the pleadings. The parties were offered the opportunity to present materials pertinent to a motion for summary judgment, and the Court has treated it as a Rule 56(b) motion for summary judgment. A hearing was held on September 14, 1981, and the Court feels fully advised.

*Status of the Case*

Plaintiff Doris M. Swartz was injured on May 4, 1979, in a fall on a staircase in the Gold Dust Casino. A complaint alleging diversity jurisdiction was filed in this U.S. District Court on April 30, 1980. The defendants therein listed were Gold Dust Casino, Inc., and Does I through V. The pleading alleged that the true names and identities of the Doe defendants were not known or ascertainable, but that they were liable to the plaintiffs for damages "... by reason of the fact that each of said Defendants is an owner or has some interest in the

real property and/or corporation herein described." No other contentions concerning the Doe defendants were made in the original complaint. As to defendant Gold Dust Casino, Inc., it was alleged that said defendant had negligently permitted the staircase to become tread bare, worn and slippery. The answer of that defendant denied the material allegations of the complaint.

In answers to interrogatories served and filed August 21, 1980, Gold Dust Casino, Inc., disclosed that it leased the casino premises from Cavanaugh Properties.

The plaintiffs, in supplemental answers to interrogatories filed December 9, 1980, disclosed that they had employed engineering consultant Stephen I. Rosen. A letter report from him to the plaintiffs' attorney, dated September 23, 1980, was attached to the supplemental answers. It stated, among other things, that the local building code had been violated by the stairway upon which Mrs. Swartz had fallen. The riser heights exceeded code by half an inch and the treads were one inch narrower than permitted by the code. Mr. Rosen concluded that the staircase was dangerous as a result.

In points and authorities filed February 19, 1981, in support of a motion to extend discovery, the plaintiffs stated that they had discovered the true name of defendant Doe I was Cavanaugh Properties, which was the owner and lessor of the Gold Dust Casino premises. They prayed for leave to amend their complaint by substituting Cavanaugh Properties for Doe I.

United States District Judge Bruce R. Thompson, to whom the case was then assigned, denied Gold Dust Casino, Inc.'s motion for a summary judgment by Order filed April 1, 1981. That Order included the following:

"The record as of now does not support a claim of defective maintenance as contrasted with defective construction. The complaint alleges only negligent maintenance."

On April 9, 1981, the plaintiffs filed a motion for leave to amend their complaint by adding additional claims for relief and by adding Cavanaugh Properties as a party defendant. A copy of the proposed amended complaint was attached to the motion. It alleged, inter alia, that Cavanaugh Properties was responsible for the design and installation of the stairway. Further, the riser height and tread width violations of the building code were alleged to have caused Mrs. Swartz's injuries.

The motion for leave to amend the complaint and add Cavanaugh Properties was granted by Judge Thompson on May 7, 1981. The amended complaint was filed May 8, 1981, which was more than two years after the May 4, 1979, accident. Cavanaugh Properties is a partnership. The amended complaint was served on John Cavanaugh, a general partner, on May 8, 1981. Mr. Cavanaugh, at all times hereinmaterial, has also been the president of defendant Gold Dust Casino, Inc.

Cavanaugh Properties raised the two-year statute of limitations as an affirmative defense in its answer to the amended complaint. At the same time it filed the instant motion for judgment on the pleadings, based on the fact that the amended complaint (in which it was first made a party) was not filed within the time allowed by the statute of limitations. It emphasizes that it was *added* as a party in the amended complaint.

In their opposition to the motion, the plaintiffs rely on the relation back provisions of Fed.R.Civ.P. 15, which governs the amendment of pleadings. The first paragraph of subsection (c) reads:

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The plaintiffs point out that Mr. John Cavanaugh wears two hats; namely, as a general partner of defendant Cavanaugh Properties and as president of defendant Gold Dust Casino, Inc. In addition, in his latter capacity Mr. Cavanaugh received, through his attorney, a copy of the plaintiffs' motion to amend the complaint before the statute of limitations had expired. Attached to the motion was a copy of the proposed amended complaint, which was identical to the one eventually filed.

In reply, defendant Cavanaugh Properties argues:

(1) The amended complaint does not simply set forth a different theory of law but, on the contrary, it sets forth a new and different cause of action that won't relate back to the date of filing of the original complaint. The distinction is between the claim of negligent maintenance of the stairway by defendant Gold Dust Casino, Inc., in the original complaint, and negligence in the design and installation of the stairway by Cavanaugh Properties in the amended complaint. In other words different wrongful conduct is claimed in the two pleadings.

(2) The adding of Cavanaugh Properties as a defendant in the amended complaint does not comply with the prerequisites to relation back specified by Rule 15(c). It is not as though there had been a mistake concerning the identity of the proper party. Gold Dust Casino, Inc., remains a defendant in the amended complaint, based on its allegedly negligent maintenance of the stairway. If Cavanaugh Properties had reviewed the original complaint prior to the expiration of the statute of limitations, it would not have known that, but for a mistake in identity, the action would have been brought against it. Gold Dust Casino, Inc.,

had acknowledged, in the course of discovery, that the responsibility for maintaining the stairway rested with it. Substitution of the correct party for the one mistakenly named in the original pleading is contemplated by the Rule, not the addition of a new party to defend against a new cause of action.

(3) The filing of the motion to amend the complaint, prior to the expiration of the statute of limitations, did not toll the running of the statute. It is the filing date of the amended complaint after leave to amend has been granted that is determinative. Even the granting of leave within the statutory period (which did not happen here) will not toll the statute.

*Discussion*

■■■ As a general rule, the use of a fictitious name to identify a defendant is not favored in the Ninth Circuit; however, it is permissible where the identity of the alleged defendant is not known at the time of the filing of the complaint. In such circumstances, the plaintiffs should be given an opportunity through discovery to identify the unknown defendant. *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980). *See also Johnson v. Udall*, 292 F.Supp. 738 (C.D.Cal.1968); *Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980). Thus, the substitution of defendant Cavanaugh Properties for Doe I was proper herein. Doe I had been described in the original complaint as owner of the casino premises. Discovery was utilized to ascertain the true identity of the owner. Now that such identification has been made, the plaintiffs should drop Does II through V as defendants in order to preserve the diversity jurisdiction of this Court. *See Miller & Lux Incorporated v. Nickel*, 141 F.Supp. 41 (N.D.Cal.1956).

"Rule 15(c) of the Federal Rules of Civil Procedure was amended in 1966 for the express purpose of solving statutes of limitations problems when new parties are added after the limitation period has expired. It should be liberally interpreted to achieve the end sought. There are three requirements, (1) the claim asserted in the amended pleading must have aris-

en from the conduct, transaction or occurrence set forth in the original pleading; (2) the new defendant must have received notice of the action within the limitations period; and (3) the new defendant should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53, 55 (D.Nev.1972).

The claims asserted in the amended complaint herein arose from the same occurrence set forth in the original complaint, namely the fall of Mrs. Swartz on the staircase. *See Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945); *Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770 (C.D.Cal.1977). In the case of *Blair v. Durham*, 134 F.2d 729 (6th Cir. 1943), the plaintiff was an office worker who had been struck by a piece of timber falling from a scaffold erected in the office. Her original complaint had alleged negligence by the contractor and its employees in handling timbers on and about the scaffolding. Subsequently she amended her complaint to allege that the negligence had been in erecting the scaffold in such a manner that persons required to work thereunder were not properly protected. Relation back to avoid a statute of limitations bar to the amended complaint was approved. On page 731, the Court held:

> "The original complaint which alleged that appellee's injuries were due to the negligence of appellant's employees in the use of the scaffold states no different cause of action as respects limitation than the amended complaint which stated that her injuries were due to the negligent manner in which the scaffold was constructed, because the two acts alleged were but different invasions of appellee's primary right and different breaches of the same duty. There was but one injury and it is immaterial whether it resulted from the negligence of the users of the scaffold or from its construction, since in either case it was a violation of the same obligation."

The same principle applies here. Whether Mrs. Swartz's injuries resulted from negligence in the design or the installation or the maintenance of the stairway does not change the fact that all the claims in both pleadings arose from her fall.

The notice of the institution of the lawsuit required by Rule 15(c) need not be formal. *Craig v. United States*, 413 F.2d 854 (9th Cir. 1969). If a person who receives notice of the legal action within the limitations period should know from the information received that he may be liable to the plaintiff by reason of the claim for relief asserted against another, he has received the notice required by the Rule. *Williams v. Avis Transport of Canada, Ltd., supra.* In the instant case, Mr. John Cavanaugh received a copy of the proposed amended complaint within the statutory period. In addition, the dual capacities of Mr. Cavanaugh as president of the corporate defendant and as a general partner of the partnership defendant supports the premise that the partnership had such notice of the lawsuit within the limitations period as should have induced it to commence investigations and other preparations to defend itself. *See Horwitt v. Longines Wittnauer Watch Co., Inc.*, 388 F.Supp. 1257 (S.D.N.Y. 1975); *Swartzwelder v. Hamilton*, 56 F.R.D. 606 (M.D.Pa.1972).

As to Rule 15(c)'s requirement that the new defendant should have known that but for a mistake concerning identity the action would have been brought against him, such a mistake "... exists whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant." *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53, 55 (D.Nev.1972). *See also Meredith v. United Air Lines*, 41 F.R.D. 34 (S.D.Cal. 1966); *Taliferro v. Costello*, 467 F.Supp. 33 (E.D.Pa.1979).

Finally, the question of whether Cavanaugh Properties would be prejudiced if required to defend against the amended complaint is relevant. *DeMalherbe v. Intern. U. of Elevator Constructors*, 449 F.Supp. 1335 (N.D.Cal.1978). *See also Hor-*

*witt v. Longines Wittnauer Watch Co., Inc., supra; Meredith v. United Air Lines, supra.*

 A lack of diligence on the part of the plaintiffs' counsel after receiving the information as to the true identity of the property owner is insufficient to prevent him from seeking to amend, in the absence of purposeful delay or bad faith. *Swartzwelder v. Hamilton, supra.* The unavailability of the statute of limitations as a defense does not by itself constitute prejudice. *Id.* Undue difficulty in defending the lawsuit by reason of the passage of time would be prejudicial. *See Smith v. Guaranty Service Corp.,* 51 F.R.D. 289 (N.D.Cal. 1979). Specific prejudice must be shown. *DeMalherbe v. Intern. U. of Elevator Constructors, supra.* No such showing has been made herein.

IT IS, THEREFORE, HEREBY ORDERED that defendant Cavanaugh Properties' motion, treated herein as a motion for summary judgment, be, and the same hereby is, DENIED.