**IRENE B. SIER and DOUGLAS SIER, Plaintiffs**

v.

**A. H. RIISE, INC. AND A. H. RIISE GIFT SHOP, INC., Defendants**

Civil No. 80-283

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 17, 1982

BERNARD M. VAN SLUYTMAN, ESQ., St. Thomas, V.I., *for plaintiffs*

R. ERIC MOORE, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on motions of defendant A. H. Riise Gift Shop, Inc., to dismiss the complaint, Fed. R. Civ. P. 12(b)(4) and (5), 15, and of defendant A. H. Riise, Inc., to strike Fed. R. Civ. P. 12(f).

The incident which spawned this suit allegedly occurred on August 18, 1978, when, it is claimed plaintiff Irene Sier tripped on a wire on the premises of the A. H. Riise Gift Shop, Inc. On July 30, 1980, plaintiffs filed suit against A. H. Riise, Inc. In a memorandum and order dated August 3, 1982, summary judgment was granted in favor of defendant A. H. Riise and plaintiffs were allowed to amend their complaint under Fed. R. Civ. P. 15 to name a new defendant, A. H. Riise Gift Shop, Inc.

Defendant A. H. Riise, Inc., now moves to strike all reference to it from the caption and body of the plaintiff's amended complaint. The motion will be granted as the Memorandum and Order of August 3,

1982, granted judgment in favor of defendant A. H. Riise, Inc., in this matter.

On September 21, 1982, defendant A. H. Riise Gift Shop, Inc., filed a motion to dismiss, alleging that the requirements of Rule 15(c), Fed. R. Civ. P., were not met by plaintiff in its amended complaint and that therefore the action is barred by the statute of limitations. 5 V.I.C. § 31(5)(A). Also, said defendant moves to dismiss for insufficiency of process and insufficiency of service of process. Fed. R. Civ. P. 12(b)(4) and (5).

Rule 15 of the Fed. R. Civ. P. governs amendments to pleadings. Subsection (c) of Rule 15 governs when an amended pleading "relates back" to the date of the original pleading. In the instant case, plaintiff's amended complaint was filed long after the statute of limitations had expired. Therefore, if their amended complaint does not meet the requirements of Rule 15(c) the action is time barred. Subsection "c" reads, in pertinent part:

> (c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The first requirement is clearly met in this case. The claim asserted in the amended complaint is identical to the claim initially asserted, and arises out of the same conduct as that charged in the original complaint. The last two requirements of Rule 15(c) require that the new party receive such notice that it will not be prejudiced in defending the suit and that the party knew or should have known that, but for a mistake, the action would have been brought against him. As was stated in Taliferro v. Castello, 467 F.Supp. 33, 36 (E.D. Pa. 1979): "Where an amendment seeks to add a new defendant, . . . Rule 15(c) seems designed to insure that, prior to the expiration of the limitation period, the new defendant knew (or should have known) that his joinder was a distinct possibility." We believe that

these requirements have been met in the present case. According to an affidavit submitted by plaintiff, the boards of directors of the two corporations were, at all times here pertinent, identical. They have the same agent for service of process. Counsel for both is the same. The two defendants have an "identity of interest" and hence the amendment should relate back. See Wright and Miller, Federal Practice and Procedure v. 6 § 1499. "The relationship needed to satisfy the identity of interest test exists . . . between related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or conduct their business from the same offices." Id. at p. 519 (citing cases). We believe that under these circumstances it is clear that A. H. Riise Gift Shop, Inc., had notice of the institution of this suit when it was served upon the original defendant and knew (or should have known) that it should have been a party to the suit. This conclusion is buttressed by the fact that the original as well as the amended complaint names the A. H. Riise Gift Shop as the location of the alleged mishap in which plaintiff was allegedly injured. We therefore hold that the requirements of Rule 15(c) have been met and that this action is not barred by the statute of limitations.

 Defendant also argues that process was insufficient as was the service of process. Plaintiffs did not serve the new defendant when their amended complaint was filed, arguing that the original process, naming A. H. Riise, Inc., as defendant, was sufficient. It was not. However, dismissing the suit would simply lead to the reinstitution of it by plaintiff. In the interest of judicial economy we shall quash the service of process and plaintiff may re-serve defendant correctly.[1] The defect is not prejudicial to defendant because it has already been put on notice of the suit. The purpose of process is to put parties on notice that they are being sued and to bring them into court. Therefore defendants' motion to dismiss will be denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant A. H. Riise, Inc., to strike all references to A. H. Riise, Inc., in the amended complaint be and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motions of defendant A. H.

---

[1] The court may treat a 12(b)(4) or 12(b)(5) motion to dismiss as a motion to quash service. See Wright and Miller, Federal Practice and Procedure v. 5 § 1354 and cases cited therein.

Riise Gift Shop, Inc., to dismiss the complaint be and the same is hereby, DENIED; and

IT IS FURTHER ORDERED that the service of process in this case be and the same is hereby, QUASHED, with plaintiff granted 15 days from the date hereof to properly serve defendant, A. H. Riise Gift Shop, Inc.