**GREAT NORTHEASTERN LUMBER & MILLWORK CORP.**

v.

**PEPSI–COLA METROPOLITAN BOTTLING CO., INC., et al.**

v.

**GENERAL ELECTRIC COMPANY.**

Civ. A. No. 90–7447.

United States District Court,
E.D. Pennsylvania,
Civil Division.

March 5, 1992.

Paul R. Bartolacci, Cozen & O'Connor, Philadelphia, Pa., for plaintiff.

Bernd G. Heinze, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, Pa., for Pepsi–Cola Metropolitan Bottling Co., Inc.

Richard A. Kraemer, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for Vendo Co.

Francis F. Quinn, Lavin, Coleman, Finarelli & Gray, Philadelphia, Pa., for General Elec. Co.

## MEMORANDUM

BARTLE, District Judge.

This case concerns a fire which occurred on or about June 8, 1989 at plaintiff's place of business. On October 25, 1990 plaintiff, Great Northeastern Lumber & Millwork Company ("Great Northeastern"), commenced suit against the Pepsi–Cola Metropolitan Bottling Company ("Pepsi")[1] and the Vendo Company ("Vendo"). The complaint claimed that a soda vending machine located on the plaintiff's premises was responsible for the fire and that Vendo had manufactured it, and had leased or otherwise made it available to Pepsi. On December 12, 1990 Vendo filed a third-party complaint against the General Electric Company ("GE") which had manufactured component parts for the vending machine. More than seven (7) months later, on July 18, 1991, plaintiff filed a claim against third-party defendant GE pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

Defendant GE now claims (1) that the direct cause of action brought against it by Great Northeastern pursuant to Rule 14(a) is time-barred by the applicable statutes of limitations, and (2) that the action cannot be deemed timely under Rule 15(c) of the Federal Rules of Civil Procedure which pertains to the "Relation Back of Amendments." Plaintiff has moved to amend its complaint to add GE as a defendant and has asked for the relation back of that amendment. Alternately, plaintiff claims that "its Rule 14(a) direct claim should be treated as an amended or supplemental pleading for purposes of analyzing the Rule 15(c) relation back issue." Plaintiff also asserts that GE "knew, within the applicable statute of limitations period, that the plaintiff had made a 'mistake' in not naming [GE] as an original defendant."

The pleadings and sworn testimony establish that the statutes of limitations with respect to all of plaintiff's causes of action expired before plaintiff's July 18, 1991 filing of its Rule 14(a) complaint against GE. Negligence, strict liability and failure to warn causes of action are subject to a two (2) year statute of limitations under Pennsylvania law. 42 Pa.Cons.Stat.Ann. § 5524. These actions, therefore, should have been brought on or before June 8,

---

1. The company was identified initially as Pepsi– Cola East.

1991, two (2) years after the fire. The applicable statute of limitations for the breach of warranty claims in this case is four (4) years from the tender of delivery of the goods. 13 Pa.Cons.Stat.Ann. § 2725. Since the undisputed record establishes that the pertinent component part was tendered on or before January 31, 1987, the statute for the breach of warranty claims expired at least by January 31, 1991.

In order to overcome a statute of limitations bar, plaintiff seeks relation back, by way of either an amended complaint or its "Rule 14(a) claim." It contends relation back is appropriate because it has met the following requirements of Rule 15(c) of the Federal Rules of Civil Procedure: (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;" (2) GE "has received such notice of the institution of the action that [it] will not be prejudiced in maintaining a defense on the merits;" and (3) GE "knew or should have known that, *but for a mistake* concerning the identity of the proper party, the action would have been brought against the party." *See* Fed.R.Civ.P. 15(c), emphasis added. GE, however, maintains that "there was no reason for a mistake in the identity of General Electric;" that GE "had no reason to believe that plaintiff intended to make any claim against it;" and that "[a] tactical decision not to sue a component part manufacturer, which is in the best position to defend its product, is totally understandable and occurs in many product liability cases."

To explain the belated filing of its Rule 14(a) claim plaintiff argues that it was not until May 23, 1991 that the "particular [component part] motor involved in the incident was identified as a GE motor, Model No. 5KSM51ECG3138A ..." Plaintiff's counsel, however, was notified as early as December 4, 1990, by an adjusting firm representing GE's interests, that "[s]upposedly ... on June 8, 1989 a General Electric motor, # SKSP51ELL742A malfunctioned thus causing a fire at Northeast Lumber Company." A mere discrepancy in the model number of the motor involved does not adequately explain plaintiff's filing delay.

Plaintiff relies on *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53, 55 (D.Nev.1972), which holds that there is a mistake for purposes of Rule 15(c) "[i]f a person who receives a notice of the pendency of the action within the limitations period should know from the information received that he may be liable to the plaintiff by reason of the claim for relief asserted by plaintiff against another ..." Plaintiff also appears to rely on the notion, rejected by Judge Newcomer of this Court in *Curry v. Johns–Manville Corporation*, 93 F.R.D. 623, 626 (E.D.Pa.1982), that "the filing of a third-party complaint automatically informs a third-party defendant that the plaintiff would have sued him directly, but for an error."

It is the view of this Court that *Williams* goes too far and that plaintiff's apparent rationale is ill-based. The better view is that an amendment should relate back only where there has been an error made concerning the identity of the proper party. *Norton v. International Harvester Company*, 627 F.2d 18, 22 (7th Cir.1980). In this case, as in *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir. 1979), the proposed defendant, GE, "could very well have believed that [it] was not named ... for tactical reasons ..." Hence, like Judge O'Neill of this Court in *Kemper v. URECO*, 1991 WL 125178, 1991 U.S.Dist. LEXIS 8843 (E.D.Pa.1991), I find that GE "may have believed plaintiff made a deliberate choice rather than a 'mistake' in deciding not to join [it]," and, therefore, that mistake has not been shown. Neither relation back of the Rule 14(a) claim nor amendment of the complaint will be permitted.