**David R. ESNOUF, Sr.**

**v.**

**Warden MATTY et al.**

**Civ. A. No. 84–3090.**

United States District Court,
E.D. Pennsylvania.

May 8, 1986.

Rolfe C. Marsh, Media, Pa., for plaintiff.

Annette M. Rizzo, Thomas P. Wagner, Rawle & Henderson, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

On July 17, 1984, plaintiff David Esnouf, Sr., filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while an inmate, he had had a serious medical need which was inadequately treated at the Delaware County Prison. On December 23, 1983, Esnouf reported to the prison infirmary, complaining of stomach pains. Despite treatment with antacids, he returned on the 24th, 25th and 26th with worsening symptoms. On December 26, 1983, plaintiff was transferred to a local hospital where he was admitted for an appendectomy. However, before that took place, his

appendix burst, necessitating emergency surgery. Esnouf later developed peritonitis and gangrene.

Named in the complaint were Joyce Ryan, the nurse in charge of the infirmary, and certain prison officials. Before service of the complaint was ordered, the Court dismissed the prison officials pursuant to 28 U.S.C. § 1915(d), but allowed the case to proceed against defendant Ryan. Unknown to the Court when that Memorandum and Order was issued was the fact that Ryan was not an employee of the prison. Instead, she was employed by Personnel Management Services, Inc., which had contracted to provide health care services at Delaware County Prison.

Plaintiff had neither answered defendant's discovery requests nor taken any other action to pursue his case when, on July 10, 1985, he was ordered by United States Magistrate Richard A. Powers, III, to inform the Court within thirty (30) days of his intentions with respect to the case. Judge Powers further ordered that the case be dismissed for lack of prosecution if Esnouf failed to contact the Court. The Court received a letter from Esnouf, dated July 11, 1985, requesting appointment of counsel and indicating that he wished to pursue his action.

While Esnouf's request for appointment of counsel remained under advisement, the Court was informed that he had, on his own initiative, secured the services of an attorney. Counsel entered his appearance on September 26, 1985, and subsequently filed a response to defendant's pending motion for summary judgment, as well as a motion to amend the complaint.

In the motion to amend, counsel recognized that the statute of limitations on plaintiff's cause of action ran on December 26, 1985. Inexplicably, plaintiff's memorandum in support of his motion (Doc. # 11) states that, "the Amended Complaint was time-stamped by the Clerk of Court", presumably to establish that it was timely. However, the proposed amended complaint was not so stamped until January 22, 1986,

the same date on which the motion to amend was filed. By plaintiff's own admission, that was nearly a month after the statute of limitations had expired. On that basis, defendant Ryan opposes the motion to amend the complaint.

Ryan has also renewed her motion for summary judgment, contending that as an employee of an independent contractor, she was not a state actor for purposes of a § 1983 action and is thus entitled to judgment.

The first issue to be resolved is whether to allow plaintiff to amend the complaint. Disposition of that issue is governed by Fed.R.Civ.P. 15, which admonishes courts to grant leave to amend "freely ... when justice so requires". Moreover, we must also take into account subsection (c) of Rule 15, which sets forth the circumstances under which an amendment "relates back to the date of the original pleading".

Plaintiff's proposed amended complaint would supplement his original complaint in four respects: (1) By adding Personnel Management Services, Inc., Ryan's employer, as an additional party defendant; (2) By adding Delaware County Prison and the Board of Prison Supervisors[1] as additional defendants, based upon the allegation that a prison policy against the transfer of sick inmates to the hospital because of cost factors motivated the delay in sending Esnouf to the hospital; (3) By adding pendent state claims of negligence against defendants Ryan and Personnel Management Services, Inc.; and (4) By adding a claim for punitive damages against all defendants.

■ It is obvious that the requirements of Rule 15(c) as to the relation back of amendments are fulfilled with respect to the negligence claims sought to be asserted. In order for an additional claim to relate back, it must have arisen, "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". Plaintiff filed the original complaint as a civil rights action against prison officials. As a *pro se* petitioner, he was most likely unaware of the availability of pendent claims. The gravamen of the complaint remains the same; *i.e.*, that he received inadequate medical care and was injured thereby. *See, Taliferro v. Costello*, 467 F.Supp. 33 (E.D.Pa. 1979). Justice requires that the plaintiff, now represented by counsel, be given the benefit of the expertise of his attorney in setting forth all potential claims for relief. This reasoning applies with equal force to the claim for punitive damages.

The assertion of claims against additional parties requires a somewhat different analysis. Looking first to the language of the Rule, we note that it refers to an amendment "changing the party against whom a claim is asserted". This language has been held to encompass the situation presented here, where the original defendant is retained but additional parties are also named. *Id.*

In addition to the claim against the additional defendants having arisen from the same conduct or transactions, Rule 15(c) imposes two more requirements for bringing in additional defendants: (1) the party to be joined must have had notice of the institution of the action within the period prescribed by the applicable statute of limitations; and (2) the additional party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him".

■ We conclude that the foregoing conditions have been fulfilled with respect to Personnel Management Services, Inc., but not as to the Prison Board. The identity of defendant Ryan's employer was unknown to the plaintiff when he filed his original

---

1. We note that there is a disagreement as to the proper denomination of the defendant which plaintiff seeks to join. In Count II of the proposed amended complaint, plaintiff names "The Board of Prison Supervisors". Defendant Ryan contends that the proper party is "The Board of Prison Inspectors". Whichever name is technically correct, it is apparent that plaintiff is attempting to assert claims against the governing body of Delaware County Prison, hereinafter called the "Prison Board" or "Board".

*pro se* complaint. The basis of Ryan's pending motion for summary judgment is the absence of state action in that she was the employee of an independent contractor, not a state or local agency, when plaintiff's injuries occurred. Although plaintiff was unaware of the involvement of Personnel Management Services, Inc., the corporation certainly had notice of the action from the outset through Ryan, its employee. Moreover, Personnel Management must certainly have been aware of the fact that, but for plaintiff's lack of sophistication in pleading, it would have been joined as a party as soon as it was identified as Ryan's true employer.

■ Although the joinder of the Prison Board and the assertion of additional constitutional claims against it also arose out of the same incident, the Court cannot conclude that it had notice of the action before the statute of limitations expired. Our initial dismissal of prison officials occurred before the complaint was served upon those prison employees originally named in the complaint. Plaintiff has made no attempt to show that the Prison Board was aware of the suit before the statute of limitations ran.[2] In the absence of such notice, the amendment to the complaint seeking to join the Prison Board and assert new claims against it does not relate back to the date of the original pleading. *Schiavone v. Fortune*, 750 F.2d 15 (3d Cir.1984), *Britt v. Arvanitis*, 590 F.2d 57 (3d Cir. 1978).

To summarize, we have thus far considered only the merits of plaintiff's motion to amend the complaint and have concluded that, although the proposed amended complaint was neither presented to the Court nor served upon the defendant prior to the expiration of the statute of limitations, Fed.R.Civ.P. 15(c) requires that we consider whether it should relate back to the date of the original, timely complaint. We have further concluded that insofar as the amended complaint seeks to join defendant Ryan's employer, Personnel Management Services, Inc., and to assert claims for negligence and for punitive damages against Ryan and her employer, the requirements of Rule 15(c) have been fulfilled and plaintiff will be allowed to amend his complaint in those respects. However, insofar as plaintiff seeks to assert claims against the Prison Board, we have concluded that the requirements for relation back have not been fulfilled. Consequently, we will deny plaintiff's motion to amend in those respects.

Next, we consider Ryan's pending motion for summary judgment. Although our decision to allow plaintiff to amend the complaint to assert additional claims and join an additional party would normally prompt us to deny the motion without prejudice to its later renewal, the present posture of this case requires that we follow a different course. Ryan's principal basis for judgment is that she was not a state actor for § 1983 purposes.[3] Nothing in the amended complaint alters this contention. Indeed, plaintiff's allegations admit that Ryan was the employee of an independent contractor, now named as a party defendant. Thus, Ryan's argument that state action is lacking applies with equal force to Personnel Management Services. It is obvious that, based upon the same arguments as the pending motion for summary judgment, both defendants could now file a motion to dismiss the amended complaint.

---

**2.** The statute of limitations for § 1983 actions has now been fixed by the Supreme Court as the period prescribed by the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Pennsylvania, that is two years, 42 Pa.Con.Stat.Ann. § 5524(2). Moreover, the application of the prior rules for determining the proper statute of limitations would likewise indicate that two years is the correct period. Finally, plaintiff's pendent state claims are also subject to Pennsylvania's two-year statute of limitations. *Id.*

**3.** Ryan also argues that she cannot be held liable in a § 1983 action on the basis of *respondeat superior*. We will only reach this contention if we determine that the complaint sufficiently asserts such a claim against Ryan. If it does not, and only state negligence claims have been asserted against her, she would then, of course, be subject to *respondeat superior*.

Moreover, in this circuit, the Court may dismiss a case *sua sponte* when the complaint "affords a sufficient basis for the court's action". *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980).

Because we have declined to allow the plaintiff to amend his complaint by asserting claims against the Prison Board, unless the complaint and amended complaint suffice to state a claim for the violation of constitutional rights under color of state law against Ryan and her employer, only state law negligence claims remain. Thus, in the interest of judicial economy, it is appropriate to consider whether state action exists. It is an issue that has been raised, that remains a likely basis for a motion to dismiss or for summary judgment, and it is an issue that we could, in any event, consider *sua sponte.*

State action is an essential element of a claim under the Civil Rights Acts because those statutes are intended to redress the abuse of official position by someone clothed with the authority of the state. *Davidson v. O'Lone*, 752 F.2d 817 (3d Cir.

1984). Plaintiff does not allege that Ryan and Personnel Management Services, Inc., were acting under color of state law in their treatment of his medical needs. He does not allege that they were clothed with the power and authority of the state, nor that they had the discretion to transfer him to the hospital, but did not do so pursuant to a prison policy which amounts to a deliberate indifference to serious medical needs.[4] Plaintiff does not even allege that Ryan and her employer acted with deliberate indifference to his serious medical needs.[5]

Plaintiff alleges only that the defendants were negligent in their diagnosis and treatment of his condition and that they negligently failed to appreciate the seriousness of his condition in time to alert prison officials so that those officials could order a transfer to the hospital early enough to avert the harm which plaintiff allegedly suffered. Since the allegations against the defendants sound in negligence only, they fail to meet the standards necessary to sustain a § 1983 action.[6]

**4.** In Count II of the proposed amended complaint (which we have determined is untimely), plaintiff seeks to allege a policy of the Board that inmate transfers to the hospital are to be avoided because of cost factors. However, there are no allegations linking either Ryan or Personnel Management Services, Inc., to that alleged policy.

**5.** In using this phrase, we presume that plaintiff intends to allege a violation of the Eighth Amendment proscription against cruel and unusual punishments, although nowhere in the amended complaint is this made explicit. Under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the standard for a viable Eighth Amendment claim in the context of medical treatment in prison is the lack of proper treatment must amount to deliberate indifference to serious medical needs. Conversely, "... [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.*, 429 U.S. at 105–06, 97 S.Ct. at 292, 50 L.Ed.2d at 261.

**6.** We reach this conclusion fully cognizant of plaintiff's reference to "the opinion of Mary Ann L. Legonis, R.N., B.S.N." that the treatment plaintiff received may have indicated deliberate indifference. Plaintiff argues that this may be

inferred from Ms. Legonis's information that the medical personnel were ordered by the prison's Program Administrator "to maintain the patient at the prison because it was too costly to send him out to a hospital". *See,* Memorandum in Support of Plaintiff's Answer to Motion for Summary Judgment, Doc. # 12 at 2, 3.

There are several problems with the statements made by plaintiff's expert and the argument he makes from it. First, the statements in issue are contained in an unsigned, unsworn "Medical Report and Summary on David R. Esnouf, Sr.", attached to a document not filed of record in this case, *viz.,* Answer to Defendant's Request for Production of Documents Directed to Plaintiff. The fact that the document is unsigned and unsworn and fails to indicate how or whether the writer had personal knowledge of the orders transmitted to medical personnel from the prison official makes it ineffective to resist a properly supported motion for summary judgment. *See, Anthuis v. Colt Industries Operating Corporation*, 789 F.2d 207 (3d Cir.1986).

Second, the fact that the document has not been filed of record or so much as alluded to in the amended complaint makes it ineffective in "mak[ing] out" a § 1983 claim against Ryan and her employer, if, indeed, he intends to assert such a claim against them. Failing to include a civil rights claim in the complaint is fatal to maintaining it under the pleading standards in

In light of our conclusion that the complaint and amended complaint fail to state a cognizable federal claim, we decline to retain jurisdiction of the pendent state claims. However, since Pennsylvania provides for the transfer to state court of claims erroneously filed in federal court, 42 Pa.Con.Stat.Ann. § 5103(a) and (b), we will not dismiss the complaint outright. Instead, we will transfer the action to the appropriate state court.[7] *Weaver v. Marine Bank*, 683 F.2d 744 (3d Cir.1982).

### ORDER

AND NOW, this 8th day of May, 1986, upon consideration of plaintiff's motion to amend the complaint and defendant's response thereto, IT IS ORDERED that the motion is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the complaint is AMENDED by the addition of Count I, ¶¶ 1–8, Count I, ¶¶ 9–18, and Count III, ¶¶ 24 and 25, provided that references to Delaware County Prison and The Board of Prison Supervisors in ¶¶ 24 and 25 are DELETED.

IT IS FURTHER ORDERED that the caption of the case be AMENDED to read as follows: DAVID R. ESNOUF, SR. v. JOYCE J. RYAN and PERSONNEL MANAGEMENT SERVICES, INC.

IT IS FURTHER ORDERED that, there appearing to be no federal claims upon which to base the jurisdiction of this Court, the Clerk is directed to TRANSFER the above captioned action to the Court of Common Pleas of Delaware County.

this circuit. *See, Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976). While such a pleading deficiency may have been overlooked were plaintiff still proceeding *pro se,* his counsel must be held to the pleading standards applicable to attorneys, not those which apply to *pro se* litigants.

7. If, instead of allowing plaintiff to amend the complaint, we had simply considered Ryan's motion for summary judgment, we would have reached the same disposition of the case. Having determined by means of the complaint, the

motion for summary judgment and its supporting documents that Ryan was not a state actor, and/or that plaintiff had asserted only negligence claims, we would necessarily have concluded that plaintiff failed to state a constitutional claim against her. However, giving plaintiff's *pro se* complaint the liberal construction required, we would also have determined that he sufficiently stated pendent state claims for negligence and would thus have transferred the action to the appropriate state court.