**May M. ALLINGTON and Parkway 200, Plaintiffs,**

v.

**Kathleen & Noel CARPENTER, Gae & Don Rude, C & R Financial, Inc., Noriko Ishikawa, Joy White, Rank Centaur International Inc., Project 80, Target Renewal, Ltd., Defendants.**

**No. CV 84–8403 PAR.**

United States District Court, C.D. California.

Aug. 29, 1985.

**476**

Dolores Cordell, Clark & Trevithick, Los Angeles, Cal., for Allington and Parkway 200.

Michael E. Plotkin, Beverly Hills, Cal., for Carpenters and C & R Financial.

Thomas R. Sheridan, David N. Shafer, Simon & Sheridan, Los Angeles, Cal., for Don and Gae Rude.

## ORDER

RYMER, District Judge.

On June 19, 1985, plaintiffs filed a second amended complaint alleging violations of the Racketeering Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1962(c) and (d). According to the complaint, the five individual and five corporate defendants formed an "association in fact" through which the defendants carried out a scheme to defraud plaintiffs of approximately $190,000 during the period April 1983 to June 1984. The essence of the scheme was falsely to promise high rates of return on loans that were secured by worthless promissory notes or real es-

tate trust deeds. A number of fraudulently induced loans are alleged: a $30,000 loan in April 1983; a $13,000 loan in May 1983; a $20,000 loan in August 1983; a $10,000 loan in September 1983; and a $100,000 loan in March 1984. As pleaded, the moving defendants' participation in the scheme was limited to the March 1984 transaction.

For the reasons stated below, I conclude that the complaint fails adequately to plead a RICO violation against Gae Rude (hereinafter "Rude"), Don Rude, and Don Rude Incorporated. However, because the Supreme Court's clarification of RICO's requirements in *Sedima v. Imrex Co., Inc.,* — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) occurred subsequent to the filing of the complaint, plaintiffs are given leave to file an amended pleading within 30 days of the receipt of this order.

### I. *Section 1962(c).*

To be liable under 18 U.S.C. § 1962(c), a defendant must (1) participate (2) in the affairs of an "enterprise" (3) through a "pattern" of (4) "racketeering activity." In this case, plaintiffs have not adequately pleaded the substantive counts of "racketeering activity," nor have they shown the continuity necessary to establish a "pattern." The complaint also fails to allege an "enterprise" having an existence apart from the pattern of racketeering activity. Finally, plaintiffs have not alleged that defendants Don Rude and Don Rude Inc. participated in the affairs of the enterprise.[1]

### A. *Pleading the Racketeering Acts*

"Racketeering activity" is defined in 18 U.S.C. § 1961 as including any act "indictable" under certain enumerated federal criminal statutes. One of these statutes, 18 U.S.C. § 1343, makes wire fraud a crimi-

---

**1.** In my May 20, 1985 order, I held that plaintiffs had failed adequately to allege an injury "by reason of" a violation of § 1962(a), (b), or (c). In the amended complaint, plaintiffs dropped their claims under § 1962(a) and (b), so that only the § 1962(c) remains. Because *Sedima* held that injury by reason of a

§ 1962(c) violation requires only harm caused by the predicate acts forming the pattern, 105 S.Ct. at 3286, I do not need to consider whether the result would be different were the enterprise the victim (§ 1962(a)) or the instrument (§ 1962(b)) of the crime.

nal offense. Plaintiffs contend that defendants have committed three violations of § 1343 in carrying out their scheme to defraud. To allege a violation of the wire fraud statute, it is necessary to show that (1) the defendant knowingly participated in a scheme to defraud; (2) the defendant used the United States wires or caused a use of the United States wires for the purpose of carrying out the scheme; and (3) the defendant did so with the intent to defraud. *United States v. Green*, 745 F.2d 1205 (9th Cir.1984); *United States v. Bohonus*, 628 F.2d 1167 (9th Cir.), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980).

▮ The complaint fails adequately to plead these elements as to some or all of the moving defendants. First, there is no allegation that any of the defendants acted with an intent to defraud. Specific intent must be pleaded in an indictment for mail or wire fraud, *see Bohonus*, 628 F.2d at 1172, and the same rule should apply to civil complaints alleging such an offense. Second, the complaint does not show that defendants Don Rude and Don Rude Inc. used or caused the use of the United States wires: only Gae Rude is alleged actually to have placed the calls, and the other defendants are not shown to have caused such use.

▮ Finally, plaintiffs have failed to establish that Don Rude and his company participated in the scheme in any way. The complaint simply alleges that Don Rude "knowingly and willingly permitt[ed] the use of the premises of D. Rude Inc. for the conduct of the scheme," and that Don Rude Inc. "allowed its offices to be used as a location from which the scheme was prac- ticed upon plaintiffs and further allowed C & R to operate from that location, with knowledge of C & R's fraudulent activities." These allegations clearly do not show that defendants participated *as principals* in the commission of the predicate acts. Furthermore, to be liable as aiders and abettors, the defendants must be shown consciously to have assisted the commission of the predicate acts in some active way. *See Nye & Nissen v. United States*, 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949). The present allegations of knowledge plus presence fall far short of showing such participation in the scheme. *See Laterza v. American Broadcasting Co.*, 581 F.Supp. 408 (S.D.N.Y. 1984).[2]

### B. *Pleading the Pattern*

▮ If properly pleaded, the acts of wire fraud alleged in the complaint satisfy § 1961(5)'s threshold requirement that a "pattern" include at least two acts of racketeering activity. However, as the Supreme Court noted in *Sedima*, "proof of two acts of racketeering, without more, does not establish a pattern." 105 S.Ct. at 3285 n. 14 (quoting statement of Sen. McClellan). It is the factor of "continuity plus relationship" which combines to produce a pattern, S.Rep. No. 91–617, p. 158 (1969), U.S.Code Cong. & Admin.News 1970, p. 4007; and therefore the alleged predicate acts must show both "continuity" and "relatedness" to constitute a "pattern" under § 1962. *See Sedima*, 105 S.Ct. at 3285 n. 14.

▮ The relatedness of the predicate acts is established through proof of com-

---

2. A conspiracy to violate § 1343 cannot serve as a predicate act for a RICO claim. Conspiracy may properly be charged as a predicate act for offenses listed in § 1961(1)(A) and (D), *see United States v. Licavoli*, 725 F.2d 1040 (6th Cir. 1984) (subsection A), *United States v. Weisman*, 624 F.2d 1118 (2d Cir.), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980) (subsection D), but conspiracies can serve as racketeering activities under § 1961(1)(B) only when the enumerated statute includes conspiracy as an indictable offense. *See Weisman*, 624 F.2d at 1124 ("subsections B and C, which list most of the other predicate acts chargeable under RICO, conspicuously lack the broad 'any offense involving' language of subsection D and, in fact, require that the act be indictable under specifically enumerated sections of the criminal code"). *Cf. United States v. Brooklier*, 685 F.2d 1208 (9th Cir.1982) (conspiracy could serve as predicate act because offenses indictable under § 1951 include conspiracy to obstruct commerce by physical violence).

mon perpetrators, common methods of commission, or common victims. *Id.; see also United States v. Stofsky*, 409 F.Supp. 609, 614 (S.D.N.Y.1973), *aff'd*, 527 F.2d 237 (2d Cir.1975), *cert. denied*, 429 U.S. 819, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976) ("the racketeering acts must have been connected with each other by some common scheme, plan or motive"). Here, the participants (Rude and Carpenter) were the same, and the three wire fraud acts had a single victim. Moreover, the acts had the same purpose: to persuade defendant Allington to transfer $100,000 to a bank account in Switzerland as part of a "deal" whereby she would receive $500,000 a few weeks later in the Grand Cayman Islands. With the same perpetrators, the same victim, and the same motive, it is clear that the three acts were not disconnected but were parts of a single scheme.

■ To show continuity of racketeering activity, on the other hand, the predicate acts must have occurred in different criminal episodes. Such a requirement is consistent with the connotation of multiple events implicit in the term "pattern." *See Northern Trust Bank v. Inryco, Inc.*, 615 F.Supp. 828 (S.D.N.Y.1985) ("surely the continuity inherent in the term [pattern] presumes repeated criminal activity, not merely repeated acts to carry out the same criminal activity"); *see also United States v. Moeller*, 402 F.Supp. 49 (D.Conn.1975). More importantly, it is the only construction which gives meaning to Congress' intended rejection of RICO liability predicated upon isolated or sporadic criminal acts. The legislative history contains repeated references to such a limitation, *see, e.g.*, 116 Cong.Rec. 35193 (statement of Rep. Poff) (RICO "not aimed at the isolated offender"), and the Senate Report makes it clear that the continuity requirement was

intended to exclude such isolated criminal events:

> The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce the pattern.[3]

S.Rep. No. 91–617, p. 158 (1969).

■ Consistent with this intent to exclude single criminal events, a "pattern" of racketeering activity must include racketeering acts sufficiently unconnected in time or substance to warrant consideration as separate criminal episodes. The acts of wire fraud alleged in the complaint do not meet this standard. Each act was a part of the same criminal transaction: a telephone call to induce Allington to send $100,000 to Switzerland, on the understanding the the money plus a finder's fee would be delivered a short time later to the Grand Cayman Islands; Allington's wiring of the money to Switzerland the next day; and a telephone call six weeks later to the Grand Cayman Islands to set up the account into which the money was to be transferred. Together the acts comprise a single criminal episode; they do not constitute a "pattern" of racketeering activity.

## C. *Pleading the Enterprise*

■ Two elements are necessary to establish an "enterprise" under §§ 1961(4) and 1962(c). First, there must be "evidence that the various associates function as a continuing unit," *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528–29, 69 L.Ed.2d 246 (1981); and second, the enterprise must have an existence "separate and apart from the pattern of activity in which it engaged." *Id.*

---

**3.** I do not disagree with Judge Tashima's conclusion in *Harper v. New Japan Securities International, Inc.*, 545 F.Supp. 1002 (C.D.Cal.1982) that "each act of criminal activity is counted *as an act* of racketeering activity, even if numerous acts arise out of the same episode." 545 F.Supp. at 1004 (emphasis added). However, to the extent *Harper* suggests that two or more acts in

furtherance of a single criminal episode alone is sufficient to plead a racketeering "pattern"—a conclusion reached in *United States v. Weatherspoon*, 581 F.2d 595, 602 (7th Cir.1978), the case relied upon by Judge Tashima—his decision was made without the benefit of *Sedima's* "continuity plus relationship" standard.

The circuits are divided as to the proper interpretation of these tests. The Eighth Circuit has held that a RICO enterprise must have "an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering activity," *United States v. Bledsoe,* 674 F.2d 647, 665 (8th Cir.1982), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1983), and the Third and Fourth Circuits also have endorsed the separate existence requirement. *See United States v. Riccobene,* 709 F.2d 214 (3rd Cir.), *cert. denied, Ciancaglini v. U.S.,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983); *United States v. Tillett,* 763 F.2d 628 (4th Cir.1985). On the other hand, the Second Circuit has upheld the application of RICO "to situations where the enterprise was, in effect, no more than the sum of the predicate racketeering acts." *United States v. Bagaric,* 706 F.2d 42, 55 (2d Cir.), *cert. denied, Logarusic v. U.S.,* 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983). The Eleventh Circuit has rejected the Eighth Circuit's position as well. *See United States v. Weinstein,* 762 F.2d 1522 (11th Cir.1985).

I believe that the Eighth Circuit's position is more consistent with statutory language and congressional intent. First, the Second Circuit's approach appears to render the "enterprise" requirement superfluous: under its view every "pattern of racketeering activity" becomes an "enterprise" whose affairs are conducted through the "pattern of racketeering activity." *See United States v. Sutton,* 605 F.2d 260, 266 (6th Cir.1979). This result is incongruous given the centrality of the "enterprise" element in the statutory scheme. *Cf. Turkette,* 452 U.S. at 583 and n. 5, 101 S.Ct. at 2528–29 and n. 5.

Second, by permitting the "enterprise" element to be satisfied by proof of a conspiracy, *see, e.g., United States v. Mazzei,* 700 F.2d 85 (2d Cir.1983), the Second Circuit makes § 1962(d) a proscription of conspiracies to conspire. Finally, the broad construction of "enterprise" ignores the organizational nexus at the heart of the RICO scheme. The statute was directed at "organized" crime, which, unlike individual and group crime, has access to resources that pose a special threat to legitimate business. *See* Cressy, "The Functions and Structure of Criminal Syndicates," *Task Force Report: Organized Crime, the President's Commission on Law Enforcement and Administration of Justice* (1967). RICO was designed to reach this structured organizational crime, just as other federal statutes deal with individual crime (ordinary substantive offenses) or with group crime (conspiracy). No goal appears to be served by severing RICO from its organizational underpinnings and simply transforming it into a tool for punishing recidivists.

In the case at bar, plaintiffs plead a conspiracy rather than an enterprise. The complaint alleges that the enterprise was composed of "a group of individuals and corporations associated in fact," but it does not aver that the enterprise had an existence prior to or separate from the predicate acts. Indeed, paragraph 20 suggests that the "enterprise" was formed in November 1982, when all of the defendants "agreed to and concurred in a scheme to defraud plaintiffs of over $190,000 of plaintiffs' own money." Unless plaintiffs can plead an enterprise apart from the underlying pattern of racketeering activity, their claim appears to be one for conspiracy to defraud—a cause of action not remediable under the RICO statute.[4]

### D. *Participation in the Enterprise*

As noted above, plaintiffs have failed to allege that Don Rude or Don Rude Inc. participated in any way in the predicate acts that form the "pattern" identified in the pleadings. Therefore, the complaint does not show that these defendants "participated, directly or indirectly, in the con-

---

4. Defendants contend in their moving papers that the alleged enterprise also violates *Rae v. Union Bank,* 725 F.2d 478 (9th Cir.1984) because it fails to plead an enterprise separate from the defendants. However, *Rae* is inapplicable to the case at bar because the pleaded enterprise is not one of the named defendants.

duct of the enterprise's affairs through a pattern of racketeering activity."

## II. *Section 1962(d).*

■ Section 1962(d) prohibits persons from "conspiring to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity." *United States v. Carter,* 721 F.2d 1514, 1529 (11th Cir.1984). Here, plaintiffs have not shown an agreement to participate in the affairs of an "enterprise," nor have they shown an agreement to commit a "pattern" of racketeering activity. The RICO conspiracy count therefore fails to state a cognizable claim.

## III. *Conclusion.*

The Court dismisses the second amended complaint for failure to state a claim under 18 U.S.C. § 1962(c) or (d). Plaintiffs may file an amended complaint within thirty (30) days of the receipt of this order.

IT IS SO ORDERED.