**Irini EMMANOUILIDES, on Behalf of Herself as a Shareholder of Buckthorn, Ltd. and Duba Rivka Ocean Transport, Ltd. and in the Right of Buckthorn, Ltd. and Duba Rivka Ocean Transport, Ltd. and their Wholly-Owned Subsidiaries, Plaintiffs,**

v.

**BUCKTHORN, LTD., Duba Rivka Ocean Transport, Ltd., Menya Ocean Transport, Ltd., RMF Ocean Transport, S.A., BMF Ocean Transport, S.A., Benyomin Ocean Transport, S.A., Sonia Ocean Transport, Ltd., Emily Ocean Transport, S.A. and Robert M. Felzenberg, Defendants.**

No. 84 Civ. 0528(RO).

United States District Court, S.D. New York.

Aug. 27, 1986.

Munves, Tanenhaus & Storch, P.C., New York City, for plaintiffs; Steven G. Storch, of counsel.

Milgrim, Thomajan, Jacobs & Lee, P.C., New York City, for defendants; George L. Graff, Mark D. Suben, of counsel.

OWEN, District Judge.

Plaintiff alleges that she and the individual defendant, Robert Felzenberg, entered into an agreement pursuant to which various corporations were formed, with plaintiff and Felzenberg each owning fifty percent of the corporations. Each corporation owned a vessel, which was that corporation's principal asset. Subsequently, the vessels were involved in various dispositions: one vessel was damaged, for which insurance proceeds were received, and seven vessels were sold simultaneously. Plaintiff originally alleged that both Felzenberg and the various defendant corporations had failed to give her an accounting of the funds thereby received. Plaintiff now seeks to amend her complaint for the second time to allege a civil RICO cause of action, an allegation of fraud, and an allegation of breach of fiduciary duty.

At the time plaintiff originally filed her action, the Second Circuit had precluded the filing of civil actions under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*, unless the civil complaint alleged that the defendant had already been convicted of a RICO violation or of RICO predicate acts. *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 741 F.2d 482 (2d Cir.1984). Since that time, the U.S. Supreme Court rejected that requirement, observing that a private civil RICO action requires allegations of only "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, ——, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). This motion followed.

Defendants partially oppose the motion to amend. Among their various objections, defendants maintain that plaintiff has not alleged a *pattern* of racketeering activity, an explicit requirement under RICO and the Supreme Court's *Sedima* opinion. The parameters of the concept of a "pattern" are yet emerging from the growing number of authorities.

■ The facts pertinent to plaintiff's civil RICO claim are the following. Plaintiff alleges that defendant Felzenberg induced

plaintiff to give her consent to the sale of the seven vessels held jointly by plaintiff and Felzenberg, with the full intention of taking the proceeds of the sale for himself. Plaintiff further alleges that Felzenberg then did so, making multiple use of the U.S. mails or of interstate wires in the process. Plaintiff does not allege that the conjunction of the individual sales of each of the seven vessels forms a pattern for the purposes of RICO. Indeed, I note that the sale of the seven vessels occurred simultaneously. Rather, plaintiff alleges that the *separate activities* leading up to and including the sales constitute the RICO pattern.

This, I conclude, is not a "RICO pattern." This view is in accord with numerous post-*Sedima* considerations by other district courts around the country. In *Professional Assets Management, Inc. v. Penn Square Bank, N.A.*, 616 F.Supp. 1418, 1423 (W.D.Okla.1985), while the court assumed for the sake of argument that the defendant in that case was involved in a scheme to disseminate false information regarding a bank, the court found that wire and mail communications made in furtherance of the fraud did not establish a pattern of racketeering activity. Rather, those communications "were merely constituents of a single, unified activity." *See also Allington v. Carpenter*, 619 F.Supp. 474, 478 (C.D.Cal. 1985) (complaint did not establish a pattern where each act of the claimed pattern was a part of the same criminal transaction), *Kredietbank, N.V. v. Joyce Morris, Inc.*, Civil No. 84–1903 (D.N.J. Jan. 9, 1986) [Available on WESTLAW, DCTU database] (the mailing of two false affidavits in support of a single application does not constitute a pattern), and *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.*, 615 F.Supp. 828 (N.D.Ill.1985) (the mailing of a contract to a subcontractor and that subcontractor's resultant mailing of a kickback check fails to establish a pattern).

So, too, here. Any fraudulent mail or wire communications made in connection with this case are not themselves allegeable as parts of a pattern; rather, they are the components of a single activity, the alleged vessel fraud. Plaintiff may not splinter the alleged fraud into its subordinate pieces in an attempt to meet the RICO pattern requirement. Accordingly, plaintiff's motion to amend her complaint to add the proposed RICO claim is denied.

Next, plaintiff seeks to add a claim of fraud. Fed.R.Civ.P. 9(b) states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As a general matter, a pleader "must state the time, place and content of the false misrepresentation, the fact misrepresented and what was obtained or given up as a consequence of the fraud." 2A J. Moore, Moore's Federal Practice, ¶ 9.03 at 9–23 to 9–24 (2d ed. Supp.1985–86). Here, however, one principal allegation is pleaded not only on information and belief without any source therefore, but also in the alternative. *See* Second Amended Complaint at ¶ 52. This does not meet the requirements of Rule 9(b). Nor do plaintiff's allegations of causation and injury meet Rule 9(b). Plaintiff baldly asserts that as a result of defendant's actions, "plaintiffs have been damaged in an amount not presently ascertained but not less than $5 million." *Id.* at ¶ 54. Plaintiff does not elaborate how this damage was caused. Accordingly, plaintiff's motion to amend her complaint to add a claim of fraud is denied. This being the proposed *second* amendment to the complaint, leave to replead is not appropriate.

Plaintiff also moves to add a claim of breach of fiduciary duty. Defendants not opposing, that motion is granted.

Finally, defendants' cross-motion for Rule 11 sanctions is denied.

Submit order on notice accordingly.