**Rodney BUTLER, Plaintiff,**

v.

**ROBAR ENTERPRISES, INC.; Hi–Grade Material Company; Endura Steel; Smith Ironworks; & Does I–X, Defendants.**

**No. EDCV 01–338 RT (SGLx).**

United States District Court,
C.D. California,
Eastern Division.

July 15, 2002.

**622**

Stanley W. Hodge, Esq., Law Offices of Stanley W. Hodge, James Zhou, Esq., Arshak Bartoumian, Esq., Victorville, CA, for Movant.

James H. Palmer, Esq., Brian D. Bock, Esq., Atkinson, Andelson, Loya, Ruud & Romo, Riverside, CA, for Respondent.

ORDER DENYING PLAINTIFF ROD-NEY BUTLER'S MOTION TO AMEND THE COMPLAINT TO SUBSTITUTE ROBERT HOVE FOR DEFENDANT DOE 1

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered Plaintiff Rodney Butler ("Butler")'s Motion to amend the Complaint pursuant to Federal Rules of Civil Procedure, Rule 15 ("Rule 15") to substitute Robert Hove ("Hove") for Defendant Doe 1 ("Motion");[1] Defendants Robar Enterprises, Inc. ("Robar"), Hi–Grade Material Company, Endura Steel, and Smith Ironworks (collectively, "Defendants")'s opposition; and Butler's reply. Based on such consideration, the court concludes as follows:

## I.

### BACKGROUND

Butler filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing ("DFEH") on March 14, 2001, alleging race discrimination in his employment against Defendants, his former employer. He received a right to sue letter from the DFEH the same day, and Butler then filed a Complaint against Defendants, in addition to Does I–X, on May 9, 2001, alleging that they violated his rights against race discrimination in his employment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Defendants filed their Answer on June 27, 2001. More than one year later, Butler now moves the court for leave to amend the Complaint by substituting Hove, the Chief Executive Officer and majority owner of Robar, for Doe 1.

## II.

### ANALYSIS

#### A. Legal Standard Governing Motion For Leave to Amend Pleading

Rule 15(a) provides that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Amendments should be allowed with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990). District courts have substantial discretion in determining when an amendment should be allowed. *See Plumeau v. Sch. Dist. No. 40 County of Yamhill,* 130 F.3d 432, 439 (9th Cir.1997). While four factors generally guide a court's determination regarding whether to allow an amendment to a pleading: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility of amendment, *see Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1482 (9th Cir.1997); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987), "[f]utility of

---

**1.** Butler references both Rule 15 and Federal Rules of Civil Procedure, Rule 21 ("Rule 21"). However, motions to amend a complaint to substitute a named defendant for a Doe defendant are governed by Rule 15. *See* Rule 15; *see also, e.g., Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir.1989). Therefore, the court will analyze Butler's Motion pursuant to Rule 15.

amendment can, by itself, justify the denial of a motion for leave to amend," *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995). A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *See Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988). The party opposing the amendment bears the burden of showing why the amendment should not be granted. *See Senza–Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (Fed.Cir.1986).

## B. Butler's Motion

Defendants contend that the court should not grant Butler's Motion because it is futile. Specifically, Defendants argue that substituting Hove is barred by the statute of limitations applicable to Title VII. 42 U.S.C. § 2000e–16(c) requires plaintiff to file his civil lawsuit within 90 days from the issuance of the DFEH's right to sue letter. *See also United States v. Brockamp,* 519 U.S. 347, 350, 117 S.Ct. 849, 851, 136 L.Ed.2d 818 (1997) (referring to 42 U.S.C. § 2000e–16(c)'s 90–day statute of limitation). Ninety days has elapsed since March 14, 2001, the date the DFEH issued its right to sue letter. Thus, the court may grant Butler's Motion only if the proposed amendment relates back to the date of the filing of the original Complaint on May 9, 2001.

Whether a proposed amendment to a complaint relates back to a previous complaint is governed by Rule 15(c) of the Federal Rules of Civil Procedure:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c).

While Rule 15(c)'s subdivisions are separated by the disjunctive "or," the parties agree that leave to substitute a named defendant for a Doe defendant will be granted only when all subdivisions of Rule 15(c)(3) are satisfied. *See also Wayne v. Jarvis,* 197 F.3d 1098, 1102–04 (11th Cir.1999) (analyzing motion to amend complaint to substitute named defendant for Doe defendant pursuant to Rule 15(c)(3)), *cert. denied* 529 U.S. 1115, 120 S.Ct. 1974, 146 L.Ed.2d 804 (2000); *Baskin v. City of Des Plaines,* 138 F.3d 701, 703–04 (7th Cir.1998) (same); *Bass v. World Wrestling Fed'n Entm't,* Inc., 129 F.Supp.2d 491, 507 n. 12 (E.D.N.Y.2001):

Rule 15(c)(3) explicitly addresses the situation involving changing defendants, and incorporates the requirements of Rule 15(c)(2) as a necessary prerequisite to Rule 15(c)(3). Rule 15(c)(2) is, in effect, subsumed as a condition to Rule 15(c)(3). To apply the subsections as strictly disjunctive, therefore, would be to completely negate the applicability of Rule 15(c)(3).

The parties further agree that all of the requirements of Rule 15(c)(1),(2), and (3), except for subdivision B of Rule 15(c)(3), has been satisfied.

■ Defendants argue that Butler's lack of knowledge of the identity of Hove at the time he filed the Complaint is not a "mistake concerning the identity of the proper party." While the Ninth Circuit has yet to rule on whether a lack of knowledge of the identity of an individual at the time of the filing of a complaint is a "mistake" regarding her identity for purposes of Rule 15(c), the courts of appeal that have confronted the issue are in near-unanimity that lack of knowledge is not a "mistake." *See Jarvis,* 197 F.3d at 1103–04; *Baskin,* 138 F.3d at 704; *Jacobsen v. Osborne,* 133 F.3d 315, 321 (5th Cir.1998) ("[F]or a 'John Doe' defendant, there was no mistake in identifying the correct defendant; rather, the problem was not being able to identify that defendant."); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996) (lack of

knowledge of identity of Doe defendant does not "satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)"); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir.1995) ("[Plaintiff's] amended complaint ... did not correct a mistake in the original complaint, but instead supplied information [plaintiff] lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met."), *modified*, 74 F.3d 1366 (2d Cir.1996); *Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir.1994) (holding that there was "no 'mistake concerning the identity of the proper party,' as required by Rule 15(c)(3). Rather, [plaintiff] merely lacked knowledge of the proper party."); *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir.1989) (noting that Rule 15(c) "does not permit relation back where ... there is a lack of knowledge of the proper party"); *see also* William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial 8:468.2 (2002) ("[N]o relation back where defendant's identity *unknown* when complaint filed: Most courts hold that a plaintiff's *lack of knowledge* as to a defendant's identity when the complaint was filed is *not* a '*mistake* concerning the identity of the proper party.' Thus, in the absence of an error such as misnomer or misidentification, a party seeking to add someone whose identity was *unknown* cannot avail itself of the relation back doctrine of Rule 15(c)(3).") (emphasis in original).

The lone court of appeal decision to hold otherwise, *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174–75 (3d Cir.1977) (holding that plaintiff's proposed amendment to substitute a named defendant for a Doe defendant related back to the date of the filing of the original complaint pursuant to Rule 15(c)(3)),[2] contravenes the intent of the drafters of the Federal Rules of Civil Procedure. The Advisory Committee Notes to the 1991 Amendment to Rule 15(c)(3) explain that the Rule was written to allow plaintiff "to correct a formal defect such as a misnomer or misidentification." Naming an individual as a Doe defendant is not a "formal defect." As the other courts of appeal have held, "ignorance [of Doe defendant's identity] does not equate to misnomer or misidentification." *Wayne*, 197 F.3d at 1103.[3] This court agrees with the majority authority.

Butler has made no showing that substituting Hove for Defendant Doe I would be reasonably understood by Hove as a correction of a misidentification or misnomer. To the contrary, Butler acknowledges that he did not know the identity of Defendant Doe I until February 19, 2002, when Defendants disclosed the identity of Robar's Chief Executive Officer and owner of a majority interest in Robar to be Hove. This was nine months after Butler filed the Complaint.

Butler's proposed amendment to substitute Hove as Defendant Doe I does not relate back to the date of the filing of his Complaint, and thus is barred by the applicable

---

**2.** The *Varlack* court did not engage in any analysis regarding whether a lack of knowledge of the identity of an individual is a "mistake" for purposes of Rule 15. *See* 550 F.2d at 175. In dicta, however, the Third Circuit recently reaffirmed its earlier opinion in *Varlack*. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 200–02 & n. 5. After noting that "the bulk of authority from other Courts of Appeals takes the position that the amendment of a 'John Doe' complaint ... does not meet the 'but for a mistake' requirement in 15(c)(3)(B)," *id.* at 200 (citing cases), the *Singletary* court expressed its disagreement with this majority position, *see id.* at 201 n. 5 (referring to the majority position as "highly problematic").

**3.** Butler cites a number of cases besides *Varlack* in support of his contention that his proposed amendment should relate back to the filing of his Complaint. Most of them are district court opinions that are more than twenty years old. A

couple, including *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir.1980), are court of appeals cases that do not interpret Rule 15(c)(3)'s "mistake" provision. *See id.* at 642–43; *see also Productions & Leasing v. Hotel Conquistador, Inc.*, 573 F.Supp. 717, 725 (D.Nev.1982) (assessing defendant's motion to strike Doe defendants without referencing Rule 15(c)(3)); *Does 1–60 v. Republic Health Corp.*, 669 F.Supp. 1511, 1518 (D.Nev. 1987) (same). While Butler has cited a few district court opinions that seem to support his position, *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D.Nev.1981) (stating that "a *mistake* exists whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant") (emphasis added); *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53, 55 (D.Nev.1972) (same), these cases have not been cited with approval, conflict with the recent holdings of the vast majority of the courts of appeals, and, as

statute of limitations. As such, the proposed amendment is futile, and the court will deny Butler's Motion to amend his Complaint.

## III.

## DISPOSITION [4]

ACCORDINGLY, IT IS ORDERED THAT:

Plaintiff Rodney Butler's Motion to amend the Complaint is DENIED.

discussed above, ignore the intent of the drafters of the Federal Rules of Civil Procedure.

4. *Because the court will deny Butler's Motion on the merits, it need not address Defendants' argu-* ment that the Motion should be denied because Butler did not comply with Central District of California Local Rules 15–1 and 15–2.